Dear Mr. Leaumont:
Reference is made to your request, on behalf of the Harahan Municipal Police and Fire Civil Service Board (the "Board"), for an opinion of this office regarding the award of legal fees for civil service appeals to the Board. We note that the Board was created, and its authorization and duties are set forth, at LSA-R.S. 33:2531, et seq., known as The Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts".
Specifically, the Board has directed you to seek an Attorney General's opinion as to whether or not the Board has the authority to award attorney fees to an appellant if the Board decides that the appointing authority (the employer) did not act for cause and in good faith in connection with the dismissal of an appellant (the employee). Your letter notes that Fire and Police Civil Service Boards for municipalities that are larger than Harahan have such authority, pursuant to LSA-R.S. 33:2501.1, which applies to municipalities with populations between 13,000 and 250,000. Pertinently, with regard to LSA-R.S. 33:2501.1, your letter states:
 "It is our understanding that the legislature also passed (or intended to pass) this legislation for small municipalities i.e. Harahan, but we are unable to find the authorization in writing in the law."
Please be advised that our research, and specifically our examination of The Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts, did not reveal any provision of law which would authorize the Board to award attorney fees to an appealing employee. To the contrary, it appears that the authority of the Board, after conducting the required hearing and investigation of an appeal, is limited to the actions set forth in LSA-R.S. 33:2561C (1), which states:
 "After such investigation, if the evidence is conclusive, the board may affirm the action of the appointing authority. If it finds that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action. The board may modify the order of removal, suspension, demotion discharge, or other disciplinary action by directing a suspension without pay for a given period." (Emphasis supplied).
Clearly, LSA-R.S. 33:2561C (1) contains no reference to, and provides no authority for, the Board to award attorney fees. As such, it is our opinion that the Board is not authorized to award attorney fees to appellant employees, even in situations where the Board determines that the appointing authority's action was not taken in good faith for cause.
Should the Board wish to pursue obtaining the authority to award attorney fees in future cases, we suggest that it seek legislation in this regard.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam